| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**ROBINSON BROG LEINWAND GREENE**<br>**GENOVESE & GLUCK P.C.**<br>**875 Third Avenue, 9th Floor**<br>**New York, New York 10022**<br>**Phone: 212-603-6033**<br>**Fax: 212-956-2164**<br>**Counsel to Debtor**<br>**FRED B. RINGEL** | |
| In Re:<br><br>**POCMONT PROPERTIES, LLC,**<br><br>                    Debtor. | Case No.:  14-16493<br><br>Judge:  Christine M. Gravelle<br><br>Chapter: 11 |
| **POCMONT PROPERTIES, LLC,**<br><br>                    Plaintiff<br>       -v-<br><br>**NISAN FUNDING LLC**<br><br>                    Defendant. | Adv. Pro. No.: |

## ADVERSARY COMPLAINT SEEKING TO AVOID PREFERENTIAL TRANSFER

Pocmont Properties, LLC ("Plaintiff" or the "Debtor"), through its counsel, by way of Complaint against Defendant, Nisan Funding LLC (the "Defendant") seeks to (i) avoid a security interest against property owned by the Debtor which is evidenced by a mortgage held by Defendant as a preferential transfer pursuant to 11 U.S.C. § 547; and (ii) to preserve the avoided transfer for the benfit of the estate pursuant to 11 U.S.C. § 551.

## JURISDICTION AND VENUE

1. This is an adversary proceeding pursuant to Fed. R. Bank. P. 7001 et. seq.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157.

3. This is a core proceeding pursuant to 28 U.S.C. § 157.

4. This is related to a case under Title 11 of the United States Code pursuant to 28 U.S.C. § 158(c)(1) and (2).

5. Venue is properly fixed in the Court pursuant to 28 U.S.C. § 1409(a).

6. The applicable statutory basis for the claims asserted herein includes, but is not limited to, 11 U.S.C. §§ 547 and 550.

## PARTIES AND BACKGROUND

7. On April 2, 2014 (the "Petition Date"), the Debtor filed a voluntary petition under Title 11, Chapter 11 of the United States Code (the "Bankruptcy Code").

8. Defendant is, upon information and belief, a corporation which, prior to the Petition Date, did business with the Debtor and was a creditor of the Debtor.

9. On March 11, 2013 the Debtor and the defendant entered into a document entitled "Promissory Note" which was dated March 11, 2013 (the "Note") and documents entitled "Mortgage", "Assignment of Rents", "Security Agreement and Fixture Filing" (the "Mortgage," "Assignment of Rents" and "Security Agreement and Fixture Filing" are collectively referred to as the "Security Documents") in the original principal amount of $750,000 secured by assets of the Debtor.[1]

---

[1] The Debtor reserves the right to object to the claimed amount under the Note.

10. Upon information and belief, the Defendant advanced funds to the Debtor under the Note which were secured by the Security Documents executed in March 2013.

11. Ten (10) months after execution of the Loan Documents and the funding of the loan, on January 3, 2014, the Defendant recorded the Mortgage in the Pike County Clerk's Office. (the "Transfer"). The Transfer occurred within ninety (90) days of the Bankruptcy Filing.

## COUNT ONE
## (11 U.S.C. § 547)

12. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 11 as if set forth at length herein.

13. The Transfer was made to or for the benefit of the Defendant, who at the time of the Transfer, was a creditor of the Debtor.

14. The Transfer was made for or on account of an antecedent debt owed by the Debtor to the Defendant before the Transfer was made.

15. The Transfer was made while the Debtor was insolvent or presumed insolvent pursuant to section 547(f) of the Bankruptcy Code.

16. The Transfer was made on or within 90 days before the Petition Date.

17. Upon information and belief, the Transfer enabled the Defendant to receive more than Defendant would have received if (a) the Debtor's Chapter 11 case was a case under Chapter 7 of the Bankruptcy Code, (b) the Transfer had not been made, and (c) Defendant had received the Transfer to the extent provided by provisions of the Bankruptcy Code.

18. By reason of the foregoing, the Transfer constitutes an avoidable preference and the Plaintiff is entitled to an order and judgment avoiding the Transfer under Section 547 of the Bankruptcy Code.

## COUNT TWO
## (11 U.S.C. § 551)

19. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 18 as if set forth at length herein.

20. By reason of the foregoing, the Plaintiff is also entitled to an order and judgment under Section 551 of the Bankruptcy Code preserving the Transfer for the benefit of the Debtor's estate.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a) For an Order avoiding the Transfer made to Defendant pursuant to 11 U.S.C. § 547,

b) For and Order preserving the avoided Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 551; and

c) For such other and further relief as the Court deems just and proper.

Dated: April 30, 2014
      New York, New York

Robinson Brog Leinwand Greene Genovese & Gluck P.C.
Counsel to the Debtor
875 Third Avenue, 9th Floor
New York, NY 10022
Tel. No.: 212-603-6345

By: /s/ Fred B. Ringel
Fred B. Ringel

            and

Wasserman, Jurista & Stolz, P.C.
Local Counsel to the Debtor
Milburn Avenue, Suite 207
PO Box 1029
Milburn, NJ 07041